**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANTHONY J. BURRIOLA, | No. 13-16836 |
| Plaintiff - Appellant, | D.C. No. 3:07-cv-00102-JCM-VPC |
| v. | |
| NEVADA DEPARTMENT OF CORRECTIONS; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted August 25, 2015**

Before:    McKEOWN, CLIFTON, and HURWITZ, Circuit Judges.

Nevada state prisoner Anthony J. Burriola appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging retaliation. We

have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Brodheim v. Cry*,

---

   *    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   **   The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

584 F.3d 1262, 1267 (9th Cir. 2009), and we affirm.

The district court properly granted summary judgment on Burriola's claim relating to the withholding of his replacement typewriter because Burriola failed to raise a genuine dispute of material fact as to whether the officials at Nevada State Prison knew of his protected activity, and took the adverse action against Burriola because of his protected conduct. *See id.* at 1269-71 (setting forth elements of a retaliation claim in the prison context, and noting that "a plaintiff must show that his protected conduct was the 'substantial' or 'motivating' factor behind the defendant's conduct" (citation and internal quotation marks omitted)); *Pratt v. Rowland*, 65 F.3d 802, 808 (9th Cir. 1995) (the relevant defendants must have knowledge of the plaintiff's protected activity).

The district court properly granted summary judgment on Burriola's claim relating to his mail because Burriola failed to raise a genuine dispute of material fact as to whether the prison regulations concerning legal mail and general mail did not advance legitimate correctional goals. *See Turner v. Safley*, 482 U.S. 78, 89 (1987) (a prison may adopt regulations that infringe on an inmate's constitutional rights if the regulations are "reasonably related to legitimate penological interests"); *O'Keefe v. Van Boening*, 82 F.3d 322, 326 (9th Cir. 1996) ("[T]he prevention of criminal activity and the maintenance of prison security are

legitimate penological interests which justify the regulation of both incoming and outgoing prisoner mail."). Moreover, Burriola was permitted at all times to correspond with his sister by phone and general mail. *See O'Keefe*, 82 F.3d at 326 ("Where other avenues remain available for the exercise of the asserted right, courts should be particularly conscious of the measure of judicial deference owed to corrections officials." (citation and internal quotation marks omitted)).

**AFFIRMED.**